UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:26-cv-21168

MARQUISE WILLIAMS,

       Plaintiff,

v.

CITY OF MIAMI,  a municipal corporation
authorized to do business under the laws of
the State of Florida

       Defendant.

_____/

**COMPLAINT AND
DEMAND FOR JURY TRIAL**

   Plaintiff MARQUISE WILLIAMS ("WILLIAMS" or "Plaintiff") files this Complaint and sues

the CITY OF MIAMI ("CITY") for violations of Title VII of the Civil Rights Act of 1964; Title

42 United States Code Section 2000 et seq, based on sexual orientation, race, and retaliation, and

states as follows:

**JURISDICTION**

1. This Court has jurisdiction over the subject matter of this lawsuit under 28 U.S.C. §1337,
   Title VII of the Civil Rights Act of 1964, Title 42, United States Code, Section 2000e-16
   and Title 42 United States Code, Section 1983.

**CONDITIONS PRECEDENT**

2. All conditions precedent have been met, waived, or otherwise excused. Plaintiff WILLIAMS filed a timely Complaint with the EEOC and received a Right to Sue Letter followed by the timely initiation of this lawsuit.

## VENUE

3. Venue is proper in the United States District Court for the Southern District of Florida, in that the Plaintiff was employed by the City of Miami, Florida, which is located in Miami-Dade County, Florida, and all of the acts of discrimination took place in this jurisdiction.

## PARTIES

4. Plaintiff is sui juris and was, at all relevant times, employed by the City of Miami Police Department, including the North District Station.

5. Defendant City of Miami is a duly Chartered Florida Municipal Corporation in the State of Florida, and at all times material was engaged in business in Miami-Dade County, Florida.

6. At all times material, City is and at all times was the employer of the Plaintiff within the meaning of Title VII of the Civil Rights Act of 1964.

## INTRODUCTION

7. This is an action seeking damages in excess of $1,000,000.00 and other relief by a gay male police officer who was subjected to discrimination, retaliation, and a hostile work environment by the City of Miami Police Department because of his sexual orientation, race, and because he filed complaints regarding prohibited practices under Title VII of the Civil Rights Act of 1964.

8. Plaintiff has retained counsel and is obligated to pay reasonable attorneys' fees and costs incurred in this action.

## GENERAL ALLEGATIONS

9. Plaintiff was hired by Defendant in or about 2015 and became a police officer with the City of Miami Police Department.

10. Beginning in or about 2019 and continuing through July 2025, Plaintiff was subjected to discrimination, retaliation, and a hostile work environment based on his sexual orientation.

11. Plaintiff is a gay male, and Defendant's managerial staff created an environment that conveyed that gay officers were not welcome within the department.

12. Plaintiff was singled out for poor treatment by members of management, including but not limited to Chief Manuel Morales, First Assistant Chief Cherise Gause, Major Max Gabriel, Commander Robert Laurenceau, Lieutenant Ricky Lopez, and Sergeant Alexander May.

13. Plaintiff was unfairly and discriminatorily issued multiple documented write-ups related to alleged work performance and attendance issues.

14. Plaintiff was treated disrespectfully and targeted for his appearance, including wearing nail polish and dying his hair blonde, despite being in compliance with departmental policies and procedures.

15. Similarly situated non-gay officers were treated more favorably and were not disciplined for similar conduct.

16. Defendant discriminatorily removed Plaintiff from overtime details, suspended him without pay, and subjected him to repeated unwarranted disciplinary actions.

17. Plaintiff complained internally and externally about the discriminatory conduct, including filing an EEOC complaint.

18. Following Plaintiff's protected activity, Defendant retaliated against him by denying promotions and requested favorable assignments, imposing punitive transfers, and assigning him to unfavorable and retaliatory assignments.

19. The adverse actions alleged herein are part of a continuing pattern of discrimination and retaliation that persists through the present date.

20. Defendant further subjected Plaintiff to race-based disparate treatment, providing more favorable treatment to white officers.

21. Defendant's conduct was willful, intentional, and carried out with reckless disregard for Plaintiff's federally protected rights.

## CONTINUING AND ONGOING DISCRIMINATORY AND RETALIATORY CONDUCT THROUGH THE PRESENT

22. On or about November 17, 2021, and again in or about July 2022, at the Central District Station and/or CompStat Room, Plaintiff met with Chief Manuel Morales and other staff including Officer Johnakin and Officer Humbert following an Honor Guard meeting. During this encounter, Chief Morales observed Plaintiff's nails and asked what was on them. Plaintiff responded that he was wearing nail polish. Chief Morales then stated, "*Papo, we don't do that. You need to take it off*." This statement was made in front of other officers and staff. Plaintiff felt embarrassed and humiliated.

23. On April 2, 2023, at approximately 0010 hours at the North District Station, Plaintiff was ordered via text message to report to the station to speak with Sergeant Alexander May. Plaintiff was informed that members of his chain of command were questioning his hairstyle and had directed Sergeant May to instruct Plaintiff to cut his hair. Plaintiff advised that his hair complied with departmental policy and that he had been wearing a Miami

Police hat to avoid further scrutiny. Other male officers were not subjected to similar scrutiny or harassment regarding their hair.

24. Plaintiff was informed the chain of command was in the process of discipline regarding his hairstyle.

25. On April 5, 2023, Plaintiff was again called into the Sergeant's office by Sergeant May and Lieutenant Ricky Lopez regarding his hair. This was at least the third time Plaintiff had been questioned. Plaintiff was told he needed to cut his hair. Plaintiff respectfully declined, explaining that his hair was covered, did not extend below his collar or earlobes, and complied with departmental orders. Prior to this meeting, Plaintiff began exhausting his accrued leave time to avoid the repeated harassment.

26. On April 12, 2023, Plaintiff contacted Internal Affairs and spoke with Ms. Lauren Diaz regarding case ADM22-30, for which Plaintiff had received a reprimand. Plaintiff requested the complete case file and was instructed to submit the request via email. After Plaintiff submitted the request, members of Internal Affairs were informed that Plaintiff had sought the full file.

27. After nineteen (19) days elapsed without production of the requested Internal Affairs file, Plaintiff was forced to send a follow-up email to obtain the requested documents. On May 3, 2023, a partial file was sent via OneDrive containing only a Final Memorandum and interview summaries of two parties. The complete investigative file was not produced. As of February 17, 2026, Plaintiff has still not received the complete case file despite multiple follow-up requests.

28. In March 2025, while assisting the Special Events Unit at the Ultra event, Chief Morales approached Plaintiff and stated, "*You need to put on a hat. I told you this before.*" Later

that same day, Chief Morales again confronted Plaintiff in the presence of Executive Assistant David Valentin, Sergeant Tasheba Pratt, and others, stating, "*I'm not going to ask you again to put on a hat*." Executive Assistant Valentin then yelled, in front of others, "If he has a fucking problem with what he is asked to do, he can go the fuck home." Plaintiff was again publicly humiliated and experienced emotional distress.

29. Departmental orders required all personnel to wear approved City of Miami baseball caps at such events; however, multiple officers were not wearing hats and were not addressed by Chief Morales. Plaintiff was singled out for enforcement.

30. On January 21, 2026, during a mandatory training session at Central District Station, Plaintiff observed Officer Shane Tardieu wearing a hairstyle that Chief Morales had previously deemed "unprofessional" and for which Plaintiff had been removed from the Honor Guard Detail on December 2, 2022. Chief Morales and Executive Assistant Valentin were present and did not address Officer Tardieu's hairstyle. As of February 17, 2026, Officer Tardieu had not been disciplined or corrected.

31. Plaintiff was also removed from overtime details and prevented from working overtime opportunities that were made available to other officers. Although Plaintiff had previously worked overtime in multiple neighborhoods, he was later falsely told that certain overtime details had concluded. Plaintiff was denied access to overtime opportunities in other districts after initial participation.

32. Plaintiff was informed that supervisory personnel, including Major Robert Laurenceau and Commander Robert Laurenceau, directed that Plaintiff be removed from overtime detail communications and no longer permitted to work overtime assignments available to other officers.

33. The above incidents demonstrate a continuing pattern of discriminatory enforcement of grooming standards, disparate discipline, public humiliation, denial of opportunities, and retaliation for protected activity.

## COUNT I
## DISCRIMINATION BASED ON SEXUAL ORIENTATION IN VIOLATION OF TITLE VII

34. Plaintiff re-alleges paragraphs 1 through 33 as if fully set forth herein.

35. Plaintiff is a gay male and, at all relevant times, was employed by Defendant as a police officer.

36. Defendant subjected Plaintiff to disparate treatment, discipline, and adverse employment actions because of his sexual orientation.

37. Plaintiff was treated less favorably than similarly situated non-gay officers.

38. Defendant's actions constitute unlawful discrimination in violation of Title VII.

39. As a direct and proximate result, Plaintiff has suffered lost wages, emotional distress, humiliation, mental anguish, and other compensatory damages.

**WHEREFORE,** Plaintiff demands judgment for damages against the City, including but not limited to compensatory damages, back pay and benefits, future pay and benefits, liquidated damages, punitive damages, prejudgment interest, and attorney's fees and costs, and other available relief as the Court deems just and proper.

## COUNT II
## HOSTILE WORK ENVIROMENT

40. Plaintiff re-alleges paragraphs 1 through 33 as if fully set forth herein.

41. Defendant subjected Plaintiff to a hostile and abusive work environment based on his sexual orientation.

42. The harassment was severe and pervasive and altered the terms and conditions of Plaintiff's employment.

43. Defendant knew or should have known of the harassment and failed to take corrective action.

**WHEREFORE,** Plaintiff demands judgment for damages against the City, including but not limited to compensatory damages, back pay and benefits, future pay and benefits, liquidated damages, punitive damages, prejudgment interest, and attorney's fees and costs, and other available relief as the Court deems just and proper.

## COUNT III
## DISCRIMINATION BASED ON RACE IN VIOLATION OF TITLE VII

44. Plaintiff re-alleges paragraphs 1 through 33 as if fully set forth herein.

45. Defendant subjected Plaintiff to disparate treatment based on race by providing more favorable treatment to white officers.

46. Defendant's conduct constitutes unlawful race discrimination under Title VII.

47. Plaintiff has suffered and will continue to suffer permanent damages.

**WHEREFORE,** Plaintiff demands judgment for damages against the City, including but not limited to compensatory damages, back pay and benefits, future pay and benefits, liquidated damages, punitive damages, prejudgment interest, and attorney's fees and costs, and other available relief as the Court deems just and proper.

## COUNT IV
## RETALIATION  IN VIOLATION OF TITLE VII

48. Plaintiff re-alleges paragraphs 1 through 33 as if fully set forth herein.

49. Plaintiff engaged in protected activity by opposing unlawful employment practices in the City of Mami Police Department;

50. Defendant subjected Plaintiff to adverse action to retaliate against him for engaging in this protected activity.

51. Plaintiff has suffered and will continue to suffer permanent damages.

**WHEREFORE,** Plaintiff demands judgment for damages against the City, including but not limited to compensatory damages, back pay and benefits, future pay and benefits, liquidated damages, punitive damages, prejudgment interest, and attorney's fees and costs, and other available relief as the Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff respectfully demands trial by jury for all issues so triable as a matter of law.

Respectfully submitted,

**MICHAEL A. PIZZI, JR., ESQ.**
Florida Bar No 079545
6625 Miami Lakes Drive, Suite 316
Miami Lakes, Florida 33014
Phone: (305) 986-2277
E-mail: mpizzi@pizzilaw.com

By: *S/Michael A. Pizzi, Jr.*
**MICHAEL A. PIZZI, JR., ESQ.**